FILED
CHARLOTTE, NC

MAY - 1 2007

U.S. DISTRICT
WESTERN DI

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>JAMES R. McDONALD and<br>MARGARET B. McDONALD, and<br>McDONALD SERVICES, INC. 401(k)<br>PROFIT SHARING PLAN,<br><br>Defendants. | FILE NO. 3:06-CV-415 |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants JAMES R. McDONALD and MARGARET B. McDONALD ("Defendants" or "the McDonalds"). Defendants and the Secretary have agreed to resolve all matters in controversy in this action (except for the imposition by Plaintiff of any penalty pursuant to ERISA Section 502(l), 29 U.S.C. Section 1132(l), and any proceedings related thereto, and the imposition of any fines or penalties by the Office of the Chief Accountant

1

of the Employee Benefits Security Administration, U.S. Department of Labor), and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

    A.    The Secretary's Complaint alleges that Defendants breached their fiduciary duties with respect to the McDonald Services, Inc., Money Purchase Plan and the McDonald Services, Inc., Profit Sharing Plan (the "Plans") by failing to discharge their duties under the Plans and by violating provisions of sections 403, 404 and 406 of ERISA, 29 U.S.C. § 1103, 1104 and 1106, as set forth in the Complaint.

    B.    Defendants James and Margaret McDonald hereby acknowledge and accept service of the Complaint and admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

    C.    Defendants neither admit nor deny the allegations in the Complaint.

    D.    Defendants expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the

filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

E.  Defendants have made full restitution to the Plan by repaying $436,982.90 to restore losses to participant accounts other than Defendants' accounts.

F.  This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants, with the exception of any potential civil money penalties that may be assessed under Section 502(l) of ERISA, 29 U.S.C. § 1132(l) and any fines and penalties that may be imposed by the Office of the Chief Accountant of the Employee Benefits Security Administration, U.S. Department of Labor. The Defendants expressly agree that the "applicable recovery amount" for purposes of Section 502(l), 29 U.S.C. § 1132(l) is $436,982.90 as described in the preceding paragraph. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants.

G.  The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law

raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendants, their agents, servants, employees and all persons in active concert or participation with them be and they hereby are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendants are hereby permanently enjoined from acting as fiduciaries, trustees, agents, or representatives in any capacity to any employee benefit plan, as defined by ERISA, other than duties necessary to finalize the termination of the Plans.

4. This Consent Judgment resolves all claims of Plaintiff's Complaint with the following exceptions:

   a. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502 (l) of the Act, nor does it adjudicate or affect the imposition of any fines or penalties by the Office of the Chief Accountant of the Employee Benefits Security Administration, U.S. Department of Labor.

   b. This Judgment does not affect or bind any

4

governmental agency other than the U.S. Department of Labor.

   c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

  5. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 27th day of April, 2007.

_[signature]_
U.S. DISTRICT JUDGE

5

| | |
|---|---|
| Defendants consent to entry of the foregoing Judgment: | Plaintiff moves entry of the foregoing Judgment: |

JAMES R. McDONALD

By: _/s/ James R. McDonald_
James R. McDonald

MARGARET B. McDONALD

By: _/s/ Margaret B. McDonald_
Margaret B. McDonald

HOWARD M. RADZELY
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

THOMAS C. SHANAHAN
Counsel

By: _/s/ Dane L. Steffenson_
DANE L. STEFFENSON
Attorney

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
(404) 302-5435
(404) 302-5438 (FAX)

Attorneys for Plaintiff